## ROY R. HAAS v. THE STATE.

No. 22092. Delivered June 26, 1942.

The opinion states the case.

*E. B. Simmons,* of San Antonio, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a sentence of two years in the penitentiary on a charge of theft, alleged to have been committed on the 15th day of December, 1940.

From the complicated statement of facts it appears that appellant was engaged in the business of conducting a beauty school in San Antonio and was so engaged at the time of the creation of the state board which regulates such schools. The prosecuting witness had worked for him a year and a half in his

home and knew about his school and its success. It appears from the entire record, without dispute, that he had been successful in preparing operators who had, without exception, been able to pass the examination required by the state board for license to engage in the business. She went to his school on the 10th day of December and, after discussing the matter with him, paid him the sum of $75.00 for her tuition, together with $3.00 for a book, giving a check for the amount and did so under his representation and promise that it was a recognized school; that he had his license as such and that he would send her registration certificate to the board in Austin so that she would be able to take her examination after attending school six months.

We find from the testimony of Mrs. Murphy, Chairman of the Board, that some difficulty had arisen about the quarters in which his school was conducted; that he had sent in $100.00 for his license on the 29th day of November preceding the date of the alleged offense. It is also shown that he made trips and carried on negotiations trying to adjust his differences with the board, apparently in good faith, until the middle or latter part of April, following, during which time the prosecuting witness attended the school, and in answer to questions on cross-examination, said:

"I have taken the examination since then and passed the examination. I applied myself when I went to the school and tried to learn something about beauty work, and I did learn something about it, and it was because of what I learned there that I was able to pass the examination."

We do not consider it necessary to review the entire record, consisting of exhibits, included in which are many letters passing between appellant and the state board, but, upon a careful examination of them and under all of the facts of the case, it appears perfectly clear that there is a lack of evidence showing any intention to commit the offense of theft at the time this money was taken, and, further, that the prosecuting witness received benefit from it apparently to the full extent that she anticipated receiving benefits when she entered the school. It may be conceded that she had some worries about the matter and probably some delay, but we are unable to construe this so as to impute to appellant the intention to commit theft at the time he received the $75.00 alleged in the indictment.

Neither does it appear that the alleged injured party had any loss, and, if any, that it exceeded fifty dollars.

The judgment of the trial court is reversed and the cause remanded.